Michael G. Marderosian (Bar No. 077296)
Email: mick@mcc-legal.com
Heather S. Cohen (Bar No. 263093)
Email: heather@mcc-legal.com
MARDEROSIAN & COHEN
1260 Fulton Street
Fresno, CA 93721
Telephone: (559) 441-7991
Facsimile: (559) 441-8170

Attorneys for:   Plaintiffs TWELVE SIXTY LLC, ROBERT J. MARDEROSIAN and ARON M. MARDEROSIAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(Western Division – Los Angeles)

| | |
|---|---|
| TWELVE SIXTY LLC, ROBERT J. MARDEROSIAN, ARON M. MARDEROSIAN, <br><br> Plaintiffs, <br><br> v. <br><br> ENDEAVOR GROUP HOLDINGS (formerly known as THE INTERNATIONAL MANAGEMENT GROUP); THE INTERNATIONAL SKATING UNION (ISU); NOLAN SEEGERT; MINERVA FABIENNE HASE and DOES 1 - 10, inclusive, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> *DEMAND FOR JURY TRIAL* |

Plaintiffs TWELVE SIXTY LLC, ROBERT J. MARDEROSIAN and ARON M. MARDEROSIAN (collectively "Plaintiffs") allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action seeking to put an immediate stop to, and to obtain redress for, Defendants' blatant and purposeful infringement of the copyright in Plaintiff's musical composition entitled "House of the Rising Sun."

2. By way of brief background, Plaintiffs ROBERT J. MARDEROSIAN and ARON M. MARDEROSIAN are two brothers who have worked together for almost 30 years to develop their business, Plaintiff TWELVE SIXTY LLC, which provides original musical compositions and productions for use in television, motion pictures, film trailers, film soundtracks, product commercials and video games. Plaintiffs ROBERT J. MARDEROSIAN and ARON M. MARDEROSIAN are musical artists and performers, professionally known as "Heavy Young Heathens." As Heavy Young Heathens, the Plaintiffs have written and recorded music for many premiere entertainment clients including major movie studios, networks and advertisers around the world.

3. Among many other commercial uses of Plaintiffs' musical recordings, Plaintiffs have had their work featured in such recent theatrical motion pictures as *Rules Don't Apply*, *Masterminds* and *Supermensch*, as well as prominent trailers for the motion pictures *The Magnificent Seven*, *Deadpool*, *The Amazing Spider-Man* and *The Expendables*.

4. Plaintiffs' music has additionally been used in numerous television programs such as *The Simpsons*, *CSI*, *Lucifer*, *Jersey Shore*, *Punk'd* and *ESPN's 30 for 30*, and commercials for Starbucks, Chrysler, Dodge, Ford, Bacardi, Adidas and Red Bull.

5. Plaintiffs arranged and produced a master recording of the musical composition "House of The Rising Sun", which is a traditional song but included original parts composed by plaintiffs, thus creating a unique and attractive master recording of the song. The arrangement, production and master recording were the subject of a copyright registration by Plaintiff ARON M. MARDEROSIAN and Plaintiff ROBERT J. MARDEROSIAN on May 31, 2016.

6. At all relevant times, the Defendants and each of them, participated in a joint business effort, to promote and exploit, international professional ice skating, for their own

financial benefit. Defendant skaters NOLAN SEEGERT ("SEEGERT") and MINERVA FABIENNE HASE ("HASE") were both members of Defendant INTERNATIONAL SKATING UNION ("ISU"), whose events were organized, promoted and presented in the United States including an event in Anaheim, California in 2019 by Defendant ENDEAVOR GROUP HOLDINGS ("ENDEAVOR").

7. As part of their joint efforts in promoting international ice skating events and talent, Defendants SEEGERT and HASE, without Plaintiffs' consent or license, illegally used, publicly infringed upon, exploited, and reproduced Plaintiffs' master recording of "House of The Rising Sun" in their ice skating act and performances which were broadcast in the United States on January 24, 2019 and on March 21, 2019 by NBC Sports, including broadcasts within this jurisdiction, not including foreign broadcasts of their performances, which included the use of Plaintiffs' master recording of "House of the Rising Sun."

8. Defendants ISU and ENDEAVOR organized, promoted, and presented, professional ice skating events including Defendants SEEGERT and HASE, and authorized, supervised, contributed to, induced, allowed and financially benefited from the unauthorized uses and broadcasts of Plaintiffs' master recording of "House Of The Rising Sun" by promoting and presenting SEEGERT AND HASE in their public ice skating performances.  Their success as professional ice skaters included the unauthorized use of Plaintiffs' master recording and brought television viewers, fans, spectators, endorsements and broadcasters to the Defendants' attention and events including sponsors who paid money to the Defendants to have their names affiliated with each event. By using Plaintiffs' master recording of "House Of The Rising Sun" without any authorization from Plaintiffs which is required by the United States Copyright Act, Section 106(6), the Defendants were able to achieve a financial benefit to the Plaintiffs' detriment.

9. Defendants' conduct is causing, and unless immediately enjoined will continue to cause, enormous and irreparable harm to Plaintiffs.  Defendants may not continue to exploit Plaintiffs' musical composition in order to advertise and/or promote their products to the public without Plaintiffs' authorization.  Defendants' conduct must immediately be

stopped and/or enjoined and Plaintiffs must be compensated for each of Defendants' willful acts of infringement as required by the United States Copyright Act.

## JURISDICTION AND VENUE

10. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq*.

11. This Court has subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12. This Court has personal jurisdiction over Defendants ISU and ENDEAVOR because, among other things, Defendants ISU and ENDEAVOR are doing business in the State of California and specifically in this judicial district by organizing, promoting and participating in ice skating events and competitions organized and promoted by Defendants ISU and ENDEAVOR. In addition, Defendants SEEGERT and HASE have performed in the United States, and have illegally used Plaintiffs' music and master recording of "House of the Rising Sun" in those performances which have been broadcast within this jurisdiction, again to the Defendants' financial benefit and to the financial detriment of the Plaintiffs, since the subject master recording was being used without Plaintiffs' consent, license or for any compensation. The conduct of the Defendants as described herein has allowed them to financially benefit from the infringements complained of that occurred here in the State of California and in this judicial district through television broadcasts, and which have caused injury to Plaintiffs and their intellectual property within the State of California and in this judicial district.

13. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or § 1400(a).

## THE PARTIES

14. Plaintiff TWELVE SIXTY LLC ("hereinafter referred to as "TWELVE SIXTY") is, and at all times relevant hereto was, a California Limited Liability company doing business in the County of Los Angeles County, State of California.

15. Plaintiff ARON M. MARDEROSIAN is an individual who resides and works in the County of Los Angeles in the State of California.

16. Plaintiff ROBERT J. MARDEROSIAN is an individual who resides and works in the County of Los Angeles in the State of California.

17. Defendants ISU and ENDEAVOR, organized, promoted, and presented, professional ice skating events, including Defendants SEEGERT and HASE, and authorized, supervised, contributed to, induced, allowed and financially benefited from the unauthorized uses and broadcasts of Plaintiffs' master recording of "House Of The Rising Sun" by promoting and presenting SEEGERT and HASE in their public ice skating performances. Their success as professional ice skaters included the unauthorized use of Plaintiffs' master recording and brought television viewers, fans, spectators, endorsements and broadcasters, to the Defendants' attention and events including sponsors who paid money to the Defendants to have their names affiliated with each event. By using Plaintiffs' master recording of "House Of The Rising Sun" without any authorization from Plaintiffs which is required by the United States Copyright Act, Section 106(6), the Defendants were able to achieve a financial benefit to the Plaintiffs' financial detriment.

18. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as Does 1-10, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names ("Doe Defendant"). Plaintiffs will seek leave of Court to amend this Complaint to state their true names and capacities when they have been ascertained. Plaintiffs are informed and believe and on that basis allege that the Doe Defendants are liable to Plaintiffs as a result of their participation in all or some of the acts hereinafter set forth.

19. On information and belief, the Defendants and each of them, were the agents, partners, employees, affiliates and/or engaged in a joint venture with ENDEAVOR, ISU, SEEGERT and HASE, and were at all times acting within the purpose of said agency and employment, and each Defendant has ratified and approved the acts of its agents.

///

## GENERAL ALLEGATIONS

20. Plaintiffs are the song composers, producers and owners of the master sound recording "House of the Rising Sun", a traditional song. The subject master recording including originally composed parts by the Plaintiffs, who own all rights and title to the copyright of this sound recording (the "Infringed Composition").

21. Plaintiffs filed an application for copyright registration with the United States Copyright Office for the musical composition "House of the Rising Sun" and the song was registered on May 31, 2016, under SR 785-194. A true and correct copy of the registration is attached hereto as Exhibit A.

22. Defendants ISU and ENDEAVOR, organized, promoted, and presented, professional ice skating events, including Defendants SEEGERT and HASE, and authorized, supervised, contributed to, induced, allowed and financially benefited from the unauthorized uses and broadcasts of Plaintiffs' master recording of "House Of The Rising Sun" by promoting and presenting SEEGERT and HASE in their public ice skating performances. Their success as professional ice skaters included the unauthorized use of Plaintiffs' master recording and brought television viewers, fans, spectators, endorsements and broadcasters, to the Defendants' attention and events including sponsors who paid money to the Defendants to have their names affiliated with each event. By using Plaintiffs' master recording of "House Of The Rising Sun" without any authorization from Plaintiffs which is required by the United States Copyright Act, Section 106(6), the Defendants were able to achieve a financial benefit to the Plaintiffs' financial detriment.

23. Defendants media releases confirm that their ice skating events, some of which included the unauthorized use of Plaintiffs' master recording of "House of the Rising Sun" by Defendants SEEGERT and HASE, and which were organized, and promoted by ISU and ENDEAVOR, generated public attention that included: "Average live attendance is typically 5,000 to 20,000 per day subject to venue size. The ISU World Figure Skating Championships receives over 700 hours of television coverage with a cumulative audience of over 200 million."

24. Immediately after Plaintiffs' discovery of the infringement, written notice of the infringement was provided to Defendants. The notice provided that the use of the Infringed Composition by Defendants constituted infringement of Plaintiffs' rights and demanded that Defendants immediately cease and desist from any further use of the Infringed Composition. Plaintiffs are entitled to injunctive relief and redress for Defendants' willful, intentional and purposeful use and exploitation of the Infringed Composition for their own financial benefit with full knowledge that such use constituted infringement of, and was in disregard of, Plaintiffs' rights.

## COUNT 1
## COPYRIGHT INFRINGEMENT
## (17 U.S.C. §§ 106 and 501)

25. Plaintiffs incorporate herein by this reference each and every allegation contained in paragraphs 1 through 24, inclusive as though fully set forth herein.

26. Defendants SEEGERT and HASE conspired with their agents, subsidiaries, partners, joint venture members, and business affiliates to wrongfully use, broadcast, infringe and exploit TWELVE SIXTY LLC's master sound recording "House of the Rising Sun" without having a license or authorization from Plaintiffs' to use the subject master sound recording.

27. Defendants ISU and ENDEAVOR, had the right and ability to supervise the infringing conduct and had a direct financial interest in the infringing activity, and in addition, knowingly induced, caused and/or materially contributed to the subject **copyright infringement**, and profited from the **infringement** which Defendants had the right and ability to control.

28. On information and belief, Defendants have financially benefitted from the illegal exploitation of Plaintiffs' Master recording which was not authorized or licensed by Plaintiffs for this use.

29. Defendants have not paid Plaintiffs any money whatsoever for these exploitations of their song and Plaintiffs have been significantly damaged as a result of this

scheme between Defendants and their co-conspirators to use the subject Master without Plaintiffs' consent or license.

30. Through their conduct alleged herein, Defendants have infringed Plaintiffs' copyright of the Infringed Composition in violation of Sections 106, 501 and 504 of the Copyright Act, 17 U.S.C. §§ 106, 501 and 504.

31. As a direct and proximate result of said infringement by Defendants and each of them, Plaintiffs are entitled to damages in an amount to be proven at trial.

32. As a direct and proximate result of the foregoing acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiffs are informed and believe and, on that basis, allege that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiffs' rights in the Infringed Composition. Plaintiffs are entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringement conduct.

33. Plaintiffs are also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

34. Alternatively, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c) for each acts of copyright infringement.

35. Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505 and otherwise accordingly to law.

36. The conduct of Defendants as described herein is willful, wanton, malicious, fraudulent, and oppressive such that Plaintiffs are entitled to punitive damages.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, jointly and severally, as follows:

1. For damages in such amount as may be found, or as otherwise permitted by law;

2.     For an accounting of, and the imposition of constructive trust with respect to, Defendants' profits attributable to their infringements of Plaintiffs' copyright of the Infringed Composition;

3.     For a preliminary and permanent injunction prohibiting Defendants, and their respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from continuing to infringe Plaintiffs' copyright in the Infringed Composition;

4.     For actual copyright infringement damages and Defendants' profits or statutory damages in an amount to be determined at trial;

5.     For interest on the above-requested damages and profits at the maximum legal rate as provided by law;

6.     For prejudgment interest according to law;

7.     For Plaintiffs' attorneys' fees, costs, and disbursements in this action;

8.     For punitive damages; and

9.     For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury.

Dated:  February 28, 2020           MARDEROSIAN & COHEN

                                         */s/ Michael G. Marderosian*
                            By:_____
                               Michael G. Marderosian,
                               Attorneys for Plaintiffs

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Karyn Temple Claggett*

Acting United States Register of Copyrights and Director

**Registration Number**

**SR 785-194**

Effective Date of Registration:
May 31, 2010

## Title

  Title of Work:   House Of The Rising Sun

## Completion/Publication

  Year of Completion:   2013
  Date of 1st Publication:   December 05, 2013
  Nation of 1st Publication:   United States

## Author

-   Author:   Robert Jacob Marderosian
    Author Created:   sound recording
    Work made for hire:   No
    Citizen of:   United States
    Domiciled in:   United States

-   Author:   Aron Michael Marderosian
    Author Created:   sound recording
    Work made for hire:   No
    Citizen of:   United States
    Domiciled in:   United States

## Copyright Claimant

  Copyright Claimant:   Robert Jacob Marderosian
    P.O. Box 6470, Malibu, CA, 90264, United States

  Copyright Claimant:   Aron Michael Marderosian
    P.O. Box 6470, Malibu, CA, 90264, United States

## Limitation of copyright claim

  Material excluded from this claim:   sound recording
  New material included in claim:   sound recording

## Rights and Permissions

Page 1 of 2

Name: Robert Jacob Marderosian
Email: heavyyoungheathens@gmail.com
Telephone: (310)457-0133
Address: P.O. Box 6470
Malibu, CA 90264 United States

## Certification

Name: Robert Jacob Marderosian
Date: May 31, 2016